ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
MARIKO M. ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0943
Fax No. (415) 522-3425
mariko.ashley@eeoc.gov

*Attorneys for Plaintiff EEOC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABC Phones of North Carolina, Inc. d/b/a Victra<br><br>Defendant. | Case Number<br><br>Complaint<br><br>Civil Rights – Employment Discrimination<br><br>Demand for Jury Trial |

## **NATURE OF THE ACTION**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C § 2000e, *et seq.* ("Title VII") and incorporating the Pregnancy Discrimination Act of 1978, 42 U.S.C § 2000e(k) ("PDA"); Title I of the Americans with Disabilities Act of 1990, as amended 42 U.S.C § 12101, *et seq.* ("ADA"); and Title I of the Civil Rights Act of 1991, 42 U.S.C § 1981a to correct unlawful employment practices on the basis of sex (female, pregnancy, and related medical conditions) and perceived disability (high-risk pregnancy), and to provide appropriate relief to Charging Party Chelsey Beck ("Beck") who was adversely affected by such

practices. As alleged below, Defendant ABC Phones of North Carolina, Inc. d/b/a Victra ("Victra") engaged in unlawful discrimination by refusing to allow Beck to leave orientation training early to receive a high-risk ultrasound, instead rescinding her job offer in violation of Title VII, the PDA, and the ADA.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a); Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), incorporating the PDA, 42 U.S.C § 2000e(k); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the District of Nevada, Northern Division because the employment practices alleged to be unlawful were committed in the city of Reno, Nevada.

**PARTIES**

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, the PDA, and the ADA, 42 U.S.C. § 2000e-5(f)(1) and (3), 42 U.S.C § 2000e(k), and 42 U.S.C. § 12117(a).

4. Defendant Victra is a privately held corporation engaged in the sale of mobile devices for Verizon in over 1,600 locations across all 50 states.

5. At all relevant times, Defendant Victra has continuously been doing business in the State of Nevada.

6. At all relevant times, Defendant Victra has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

7. At all relevant times, Defendant Victra has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. At all relevant times, Defendant Victra has continuously had at least fifteen (15)

employees.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Beck filed charges of discrimination with the Commission alleging violations of Title VII, the PDA, and the ADA by Victra. Victra received notice and copies of the charges of discrimination.

10. On May 30, 2024, the Commission issued to Victra a Letter of Determination ("Determination") finding reasonable cause to believe that Victra violated Title VII and the ADA and inviting Victra to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Determination and to provide appropriate relief.

11. The Commission engaged in communications with Victra to provide Victra the opportunity to remedy the discriminatory practices described in the Determination.

12. The Commission was unable to secure from Victra a conciliation agreement acceptable to the Commission.

13. On August 21, 2024, the Commission notified Victra that the Commission had determined that efforts to conciliate the charge were unsuccessful.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least November 2021, Defendant Victra engaged in unlawful employment practices in Nevada, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) and the PDA, 42 U.S.C § 2000e(k) on the basis of sex (female, pregnancy, and related medical conditions) by refusing to allow Beck to leave training early due to her pregnancy and related medical conditions and rescinding its offer of employment instead, despite allowing non-pregnant workers to reschedule their training for reasons other than pregnancy.

16. Since at least November 2021, Defendant Victra has engaged in unlawful practices in Nevada, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by discharging Beck on the basis of her perceived disability (high-risk pregnancy).

17. On or about November 1, 2021, Beck contacted a Victra District Sales Manager

to inform her that she was pregnant and looking for a full-time job in Reno, Nevada as she was planning to move back to the area.

18. That same day, Beck applied to Victra for a Sales Consultant position. Beck had the skill, experience, education, and other objective job requirements to perform the Sales Consultant position. Beck previously worked for Victra in Reno in sales in or around 2015.

19. Beck could perform the essential functions of the Sales Consultant position with or without reasonable accommodation.

20. Victra did not have any immediate openings in Reno but offered Beck a full-time Sales Consultant position starting in its Dayton, Nevada location contingent on completion of either a virtual or in-person new hire training program within 2 weeks of her official start date.

21. Beck accepted the offer on or around November 3, 2021 and Victra began onboarding her.

22. On or about November 28, 2021, the District Sales Manager informed Beck that she was scheduled for new hire training on December 13, 2021, from 10:00 a.m. to 6:00 p.m. at one of Victra's Reno locations.

23. On or about December 9, 2021, while in transit from Modesto, California to Reno, Beck received a call from an ultrasound technician who informed her that she urgently needed an ultrasound and evaluation by a high-risk pregnancy doctor. Beck scheduled the first available high-risk ultrasound appointment in Reno for December 13, 2021. She learned that the next available appointment would have been 3 months later.

24. On December 10, 2021 at 1:11 p.m., Beck texted Victra's District Sales Manager that she "got a phone call from her ultrasound tech stating that there might be something wrong with [her] daughter's heart" and explained that she would need a follow-up ultrasound at 3:30 p.m. on Monday December 13th.

25. At around 9:22 p.m. on December 10, 2021, the District Sales Manager texted back, "I'm so sorry to hear about that and I hope everything is okay. Please let me know if you need anything. I'll send positive vibes your way and hope it was a mistake. I don't mean to add additional stress but I spoke to [the] HR Department and unfortunately we are going to have to

close out this position. Until you feel you can 100% attend you are going to have to reapply once you can."

26. Victra regarded Beck as having a disability based on her announcement of potential pregnancy-related complications and rescinded its job offer because of their perceptions.

27. Since at least March 2021, Victra allowed non-pregnant new hires to adjust or reschedule their training start dates or attendance for issues unrelated to pregnancy including, but not limited to, last minute doctor's appointments, family emergencies, falling asleep in class, and for no reason at all. Victra did not rescind the job offers of these new hires or require these new hires to reapply.

28. The effect of the practices complained of in Paragraphs 15-27 above have been to deprive Beck of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex (female, pregnancy, and pregnancy-related medical conditions) under Title VII and PDA.

29. The effect of the practices complained of in Paragraphs 15-27 above have been to deprive Beck of equal employment opportunities and to otherwise adversely affect her status as an employee because of her actual or perceived disability (high-risk pregnancy) under the ADA.

30. The unlawful employment practices complained of in Paragraphs 15-27 above were intentional.

31. The unlawful employment practices complained of in Paragraphs 15-27 above were done with malice or with reckless indifference to Beck's federally protected rights.

**PRAYER FOR RELIEF**

1. Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Victra, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them, from discriminating against employees on the basis of sex in violation of Title VII and the PDA, and disability in violation of the ADA.

    B. Order Victra to institute and carry out policies, practices, and programs

which provide equal employment opportunities for pregnant individuals and individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

   C. Order Victra to make Beck whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 15 through 27 above in amounts to be determined at trial.

   D. Order Victra to make Beck whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 15 through 27 above, in amounts to be determined at trial.

   E. Order Defendant Victra to make Beck whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 15 to 27 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

   F. Order Defendant Victra to pay Beck punitive damages for its malicious and reckless conduct, as described in Paragraphs 15 to 27 above, in amounts to be determined at trial.

   G. Grant such further relief as the Court deems necessary and proper in the public interest.

   H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

Plaintiff EEOC requests a jury trial on all questions of fact raised by its Complaint.

///
///
///
///
///

Respectfully submitted,

Dated: September 30, 2024

BY:   */s/ Roberta Steele*
     ROBERTA STEELE
     Regional Attorney

BY:   */s/ Marcia L. Mitchell*
     MARCIA L. MITCHELL
     Assistant Regional Attorney

BY:   */s/ Mariko Ashley*
     MARIKO ASHLEY
     Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0943
mariko.ashley@eeoc.gov

*Attorneys for Plaintiff EEOC*

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507